UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| RAYMOND ELLIS TEAGUE JR., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF SOUTH DAKOTA, TASHARA LYNN ANDERSON, State Ward, and ELHERS, County Attorney, <br><br> Defendants. | 4:21-CV-04031-KES <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, Raymond Ellis Teague Jr., filed a pro se lawsuit under 42 U.S.C. § 1983. Docket 1. Teague moves for leave to proceed in forma pauperis and provided the court with his prisoner trust account report. Dockets 4, 5.

**I.   Motion to Proceed Without Prepayment of Fees**

Teague reports average monthly deposits of $32.81 and an average monthly balance of $10.93. Docket 5. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " '[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding Teague's prisoner trust account, the court grants Teague leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Teague must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Teague's institution. Teague remains responsible for the

2

entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background

The facts alleged in Teague's complaint are: that Tashara Lynn Anderson, a state ward, "lied to the police and County about being rape[d]." Docket 1. Teague's claims include: "malicious prosecution, wrongful detention[,] false arrest, [and] slander of character." *Id.* He seeks $8.8 million. *Id.*

### B.     Legal Standard

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate.

*Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "[are] (1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

  **C.**  **Legal Analysis**

    **1.**  **State of South Dakota**

Teague sues the state of South Dakota. Docket 1 at 1. The Eleventh Amendment generally bars claims brought against a state, state agency, or state officials in their official capacities unless Congress has abrogated the state's immunity, or the state has expressly waived its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984); *see also Christensen v. Quinn*, 45 F. Supp. 3d 1043, 1059 (D.S.D 2014). Congress must make its intention to abrogate the states' constitutionally secured immunity "unmistakably clear in the language of the statute." *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242 (1985). 42 U.S.C. § 1983 did not abrogate immunity under the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979); *see also*

4

*Larson v. Kempker*, 414 F.3d 936, 939 n.3 (8th Cir. 2005). Teague's claim against the state of South Dakota is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

### 2. Tashara Lynn Anderson

Teague's complaint is brought under 42 U.S.C. § 1983, which prohibits deprivation of civil rights "under color of state law." Teague sues Anderson and claims that she is a "state ward." Docket 1 at 1, 2.

A defendant must be acting "under color of state law" for Teague's allegations to withstand 28 U.S.C. § 1915A review. "If a party's conduct meets the requirement for state action, the same acts also qualify [under a Fourteenth Amendment analysis] as actions taken 'under color of state law' for purposes of § 1983." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982)). The United States Supreme Court has "recognized a number of circumstances in which a private party may be characterized as a state actor[.]" *Id.*; *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151 (1970) (A private party can become a state actor when the state has delegated power that is traditionally exclusive to the state, where there is willful participation of joint unconstitutional activity, and where there is a pervasive entwinement between the state and the party); *see also Lugar*, 457 U.S. at 937 (stating deprivation must be fairly attributable to state).

Teague asserts that Anderson lied about being raped. Docket 1 at 4. This allegation does not support that Anderson was intertwined with state action or

5

was delegated power by the state. Thus, Teague's claim against Anderson does not expose her to suit under § 1983.

### 3. County Attorney Ehlers

Teague names Ehlers, a Minnehaha County Deputy States Attorney, as a defendant. Docket 1 at 2.[1] Teague has not specified in what capacity he is suing Ehlers. As a result, this court treats the claims against her as only in her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).

Claims against Ehlers in her official capacity are the equivalent of a lawsuit against Minnehaha County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A county may only be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Teague does not allege that Minnehaha County has unconstitutional policies or customs, thus his claims against Ehlers are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). Teague's compliant is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1).

## III.   28 U.S.C. 1915(g) Strike

Teague's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

---

[1] Teague notes that Ehlers is a County Attorney and states that her address is in Sioux Falls, South Dakota. Docket 1 at 2.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This order is Teague's first strike under § 1915(g).

Thus, it is ORDERED:

1. That Teague's motion for leave to proceed in forma pauperis (Docket 4) is granted.

2. That the institution having custody of Teague is directed that whenever the amount in Teague's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Teague's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

3. That Teague's complaint is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i-ii) and 1915A(b)(1). This is Teague's first strike under 28 U.S.C. § 1915(g).

Dated March 30, 2021.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE